UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| L. ALEXANDER and LIVE VICTORIOUSLY MINISTRIES,<br><br>     Plaintiffs,<br><br> v.<br><br>RICHLAND CITY-CODE ENFORCEMENT BOARD OF RICHLAND POLICE DEPARTMENT, CITY OF RICHLAND CITY COUNCIL, THOMPSON, *Mayor, City of Richland*, REENTS, *Manager, City of Richland*, LINDSEY BLANCHARD, CERISE PECK, and MIKE HARRISON,<br><br>     Defendants. | NO. 4:19-CV-5263-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 5). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 5) is GRANTED.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

**BACKGROUND**

This case stems from interactions between the City of Richland, its employees, and Plaintiffs. On March 11, 2019, Plaintiffs filed a document captioned "Amicus Curiae, Friend of the Court Brief," which the Court construes as a Complaint, in Benton County Superior Court. ECF No. 1-1. Plaintiffs are proceeding *pro se*. Specifically, Plaintiffs' Complaint alleges that Defendants have violated various state and federal laws by: (1) selectively enforcing City codes against Plaintiffs; (2) implementing City codes that are unconstitutional; (3) the fact that Plaintiffs' property was vandalized; (4) failing to conduct adequate investigations of crimes against Plaintiffs; (5) harassing Plaintiffs; (6) misappropriating federal funds; (7) discriminating against Plaintiffs; and (8) improperly arresting Plaintiff Alexander's adult son and failing to provide him necessary medical treatment. ECF Nos. 1; 5 at 2-3.

On November 11, 2019, Defendants removed the case to federal court. ECF No. 1. On January 8, 2020, Defendants filed a Motion to Dismiss for Failure to State a Claim, which was scheduled for hearing without oral argument on February 28, 2020. ECF No. 5. Plaintiffs did not timely file a response to the motion. *See* LCivR 7(c)(2). Instead, on the date of the motion hearing, Plaintiffs filed an "Amended Brief." ECF No. 7. The "Amended Brief" largely reiterates Plaintiffs' allegations in the initial Complaint and supplements the allegations with

supporting exhibits, mostly photographs of overgrown plants, fences, and sidewalks around the city of Richland. ECF No. 7 at 30-94.

## DISCUSSION

### I. Failure to State a Claim

The Court must determine how to construe Plaintiffs' "Amended Brief." As an initial matter, Plaintiffs' "Amended Brief" cannot be construed as an Amended Complaint. The "Amended Brief" was filed more than 21 days after service of Defendants' Motion to Dismiss, and therefore cannot qualify as an amendment as a matter of course to the initial Complaint. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs have not otherwise sought Defendants' consent or leave of the court to amend the Complaint. Fed. R. Civ. P. 15(a)(2).

Instead, the Court could construe the "Amended Brief" as a responsive brief to Defendants' Motion to Dismiss. A *pro se* litigant's response to a dispositive motion, such as a motion to dismiss, must be filed within 30 days after the mailing of the dispositive motion as noted on the certificate of mailing. LCivR 7(c)(2)(A). Failure to comply with this rule "may be deemed consent to entry of an order adverse to the party who violates" the rule. LCivR 7(e). Pursuant to this rule, Plaintiffs' response should have been filed by February 7, 2020. Plaintiffs' "Amended Brief" was not filed until the hearing date, three weeks later. Under

this District's local rules, the Court could deem Plaintiffs to have consented to entry of an Order of Dismissal. LCivR 7(e).

Even if the Court were to consider Plaintiffs' "Amended Brief" as a response to Defendants' Motion to Dismiss, the "Amended Brief" fails to address the arguments raised by Defendants and merely repeats allegations from the initial complaint. In Plaintiffs' initial Complaint, Plaintiffs allege generally that Plaintiff Alexander has multiple disabilities, that she was previously the victim of a violent crime, that the City of Richland has attempted to enforce property codes against her, that a fountain on her property has been vandalized, that a City of Richland employee failed to provide her with notice of a City council meeting, that the City of Richland's municipal code is unlawful for a variety of reasons, and that her son Michael was denied necessary medical treatment while in the custody of Richland police. ECF No. 1-1 at 1-19. Michael is not a party to this lawsuit, and it is unclear whether any of the allegations relate to Plaintiff Live Victoriously Ministries rather than Plaintiff Alexander.

Plaintiffs' "Amended Brief" reiterates Plaintiff Alexander's account of being the victim of a violent crime, ECF No. 7 at 7-9, 21, and provides supporting documentation for her allegations. Even considering this information, Plaintiffs' "Amended Brief" fails to address the deficiencies identified in Defendants' Motion to Dismiss. ECF No. 5. As the Court noted in another Order, Plaintiffs'

Complaint "consists of approximately 20 pages of legally incoherent grievances that do not clearly correspond to the defendants named or the relief sought." ECF No. 6 at 4. Plaintiffs' "Amended Brief" similarly fails to establish how Plaintiffs are entitled to legal relief, how these particular Defendants are liable to Plaintiffs, or to otherwise respond to the arguments raised in Defendants' Motion to Dismiss.

Because Plaintiffs failed to timely respond to Defendants' Motion to Dismiss, and because Plaintiffs' untimely "Amended Brief" fails to address the deficiencies identified in Defendants' Motion to Dismiss, the Court deems Plaintiffs to have consented to entry of an Order of Dismissal. LCivR 7(e).

## II. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

Here, it is absolutely clear that there is no cognizable federal claim and any amendment would be futile. Thus, the Court finds that it would be futile to give Plaintiffs an opportunity to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**. This case is **DISMISSED** without prejudice. Each party to bear its own costs and expenses.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and close the file.

**DATED** March 5, 2020.



THOMAS O. RICE
Chief United States District Judge